IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

ROBERTA MORRISON,

        Plaintiff,

vs.                                                                                         No. CIV 19-0678 JB\SCY

UNMH EMERGENCY ROOM;
UNMH NEUROSCIENCES;
UNM-HSC; and ANDREW CARLSON, M.D.,

        Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court, under 28 U.S.C. § 1915 and rule 12(b)(6) of the Federal Rules of Civil Procedure, on: (i) the Plaintiff's Complaint for Violation of Civil Rights (Non-Prisoner Complaint), filed July 23, 2019 (Doc. 1)("Complaint"); and (ii) the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), filed July 23, 2019 (Doc. 3)("Application"). Plaintiff Roberta Morrison appears pro se. For the reasons set out below, the Court will: (i) grant Morrison's Application; and (ii) dismiss this case without prejudice for failure to state a claim upon which relief can be granted.

## PROCEDURAL BACKGROUND

Plaintiff filed her Complaint using two form complaints: (i) "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)," Complaint at 1, filed July 23, 2019 (Doc. 1)("First Form Complaint"); and (ii) "Complaint for a Civil Case," Complaint at 7, filed July 23, 2019 (Doc. 1)("Second Form Complaint"). In the First Form Complaint, Morrison indicates that the "Basis for Jurisdiction" is that she is bringing suit against "Federal officials (a *Bivens* claim)." First Form Complaint ¶ II.A, at 3. In the Second Form Complaint, Morrison indicates that the

"Basis for Jurisdiction" is "42 U.S.C. § 1983." Second Form Complaint ¶ II.A, at 9. Morrison alleges: (i) she had "Major Brain Surgery," First Form Complaint ¶ II.D, at 4; (ii) Defendant Andrew Carlson, M.D., "disregarded all my symptoms I continue to have since my surgery," Second Form Complaint ¶ III, at 10; (iii) Morrison is "still in pain," First Form Complaint ¶ IV, at 5; (iv) Morrison knows she "would be doing better if I received the correct treatment," First Form Complaint ¶ IV, at 5; and (v) Morrison received "no care from neurosciences and emergency room," Second Form Complaint ¶ III, at 10.

Morrison's Application states that: (i) she is "unable to pay the costs of these proceedings"; (ii) she is "unable to work"; (iii) her "[i]ncome amount expected next month" is $437.00; (iv) she has $1.50 in "cash" and $0.00 "in a checking or savings account"; (v) her "housing, transportation, utilities, or loan payments, or other regular monthly expenses" total "595.00"; and (vi) she has two sons who rely on her for support. Application at 1-5. Morrison signed an "Affidavit in Support of the Application," declaring under penalty of perjury that the information she provides in the Application is true. Application at 1.

## **LAW REGARDING PROCEEDINGS IN FORMA PAUPERIS**

The statute for proceedings in forma pauperis ("IFP"), 28 U.S.C. § 1915(a), provides that a district court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case.

Menefee v. Werholtz, 368 F. App'x 879, 884 (10th Cir. 2010)(unpublished)[1](quoting Ragan v. Cox, 305 F.2d 58, 60 (10th Cir. 1962)). "[A]n application to proceed *in forma pauperis* should be evaluated in light of the applicant's present financial status." Scherer v. Kansas, 263 F. App'x 667, 669 (10th Cir. 2008)(unpublished)(citing Holmes v. Hardy, 852 F.2d 151, 153 (5th Cir. 1988)). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs . . . ." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life." Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (internal quotation marks omitted). While the district court should not deny a person the opportunity to proceed under 28 U.S.C. § 1915(a) simply because he or she is not "absolutely destitute," the court may deny permission for a person to proceed IFP where his or her monthly income exceeds his or her monthly expenses by a few hundred dollars. Brewer v. City of Overland Park Police Dep't, 24 F. App'x 977, 979 (10th Cir.

---

[1] Menefee v. Werholtz is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Menefee v. Werholtz, 368 F. App'x 879 (10th Cir. 2010)(unpublished), Scherer v. Kansas, 263 F. App'x 667 (10th Cir. 2008)(unpublished), and Brewer v. City of Overland Park Police Dep't, 24 F. App'x 977 (10th Cir. 2002)(unpublished), have persuasive value with respect to a material issue and will assist the Court in its disposition of this Memorandum Opinion and Order.

2002)(unpublished)(stating that a litigant whose monthly income exceeded his monthly expenses by a few hundred dollars according to his own accounting appeared to have sufficient income to pay filing fees, and, thus, was not entitled to IFP status).[2]

The district court may grant a motion to proceed IFP even if the complaint fails to state a claim, and the court must thereby dismiss the complaint pursuant to 28 U.S.C. § 1915(e)(2). See Buchheit v. Green, 705 F.3d 1157, 1160-61 (10th Cir. 2012)("There is simply nothing in the language of the statute [regarding IFP proceedings, 28 U.S.C. § 1915,] indicating that such a dismissal must occur before the grant of a motion to proceed IFP.").

> [I]f an application to proceed in forma pauperis is supported by papers satisfying the requirements of 28 U.S.C.A. § 1915(a) leave to proceed should be granted, and then, if the court discovers that the action is frivolous or improper or that the allegations of poverty are untrue, it can dismiss the proceeding under 28 U.S.C.A. § 1915(d).

Oughton v. United States, 310 F.2d 803, 804 (10th Cir. 1962)(citations omitted).

The district court has the discretion to dismiss an IFP complaint sua sponte under § 1915(e)(2) "at any time if the action . . . is frivolous or malicious; [or] fails to state a claim upon which relief may be granted." 28 U.S.C. § 1952(e)(2). The district court also may dismiss a complaint sua sponte under rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim if "it is 'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile." Hall v. Bellmon, 935 F.2d 1106, 1109 (10th Cir. 1991)(quoting McKinney v. Okla. Dep't of Human Servs., 925 F.2d 363,

---

[2]At the time of the ruling in Brewer v. City of Overland Park Police Department, the filing fee for the appeal was $100.00. See 28 U.S.C. § 1913 (2001) Judicial Conference Schedule of Fees. Brewer's monthly income exceeded his monthly expenses by $242.00. See Brewer v. City of Overland Park Police Dep't, No. 01-3055, Appellant's Motion for Leave to Proceed on Appeal Without Prepayment of Costs or Fees at 3-7 (10th Cir. May 11, 2001).

365 (10th Cir. 1991)). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)("Twombly"). In reviewing the Complaint, the district court applies the same legal standards applicable to pleadings that an attorney drafts, but liberally construes the allegations. See Northington v. Jackson, 973 F.2d 1518, 1520-21 (10th Cir. 1992).

## LAW REGARDING PRO SE LITIGANTS

When a party proceeds pro se, a court construes his or her pleadings liberally and holds them "to a less stringent standard than [that applied to] formal pleadings drafted by lawyers." Hall v. Bellmon, 935 F.2d at 1110. "[I]f the Court can reasonably read the pleadings to state a valid claim on which [the petitioner] could prevail, it should do so despite [his] failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." Hall v. Bellmon, 935 F.2d at 1110. The Court will not, however, "assume the role of advocate for the pro se litigant." Hall v. Bellmon, 935 F.2d at 1110. "[P]ro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure." Ogden v. San Juan Cty., 32 F.3d 452, 455 (10th Cir. 1994).

## LAW REGARDING 42 U.S.C. § 1983

Section 1983 of Title 42 of the United States Code provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . , subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Section 1983 creates only the right of action; it does not create any substantive rights; substantive rights must come from the Constitution of the United States of America or from a federal statute. See Nelson v. Geringer, 295 F.3d 1082, 1097 (10th Cir. 2002)("[S]ection 1983 'did not create any substantive rights, but merely enforce[s] existing constitutional and federal statutory rights . . . .'" (second alteration added by Nelson v. Geringer)(quoting Ellis v. Univ. of Kan. Med. Ctr., 163 F.3d 1186, 1197 (10th Cir. 1998))). Section 1983 authorizes an injured person to assert a claim for relief against a person who, acting under color of state law, violated the claimant's federally protected rights. To state a claim upon which relief can be granted under § 1983, a plaintiff must allege: (i) a deprivation of a federal right; and (ii) that the person who deprived the plaintiff of that right acted under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988). The Court has noted:

> [A] plaintiff "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation, (2) proximately caused (3) by the conduct of a 'person' (4) who acted under color of any statute, ordinance, regulation, custom[,] or usage, of any State or Territory or the District of Columbia."

Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d 1052, 1063 (D.N.M. 2010)(Browning, J.)(second alteration in original)(quoting Martinez v. Martinez, No. CIV 09-0281 JB/KBM, 2010 WL 1608884, at *11 (D.N.M. March 30, 2010)(Browning, J.)).

The Supreme Court of the United States of America clarified that, in alleging a § 1983 action against a government agent in an individual capacity, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. 662, 676 (2009). Consequently, there is no respondeat superior liability under § 1983. See Ashcroft v. Iqbal, 556 U.S. at 676 ("Because vicarious liability

is inapplicable to *Bivens*[3] and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); Bd. of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Entities cannot be held liable solely on the basis of the existence of an employer-employee relationship with an alleged tortfeasor. See Monell v. Dep't of Soc. Servs. of City of N.Y., 436 U.S. 658, 689 (1978). Supervisors can be held liable only for their own unconstitutional or illegal policies, and not for their employees' tortious acts. See Barney v. Pulsipher, 143 F.3d 1299, 1307-08 (10th Cir. 1998).

The United States Court of Appeals for the Tenth Circuit recognizes that non-supervisory defendants may be liable if they knew or reasonably should have known that their conduct would lead to the deprivation of a plaintiff's constitutional rights by others, and an unforeseeable intervening act has not terminated their liability. See Martinez v. Carson, 697 F.3d 1252, 1255 (10th Cir. 2012); Trask v. Franco, 446 F.3d 1036, 1046 (10th Cir. 2006). The Tenth Circuit also recognizes that Ashcroft v. Iqbal limited, but did not eliminate, supervisory liability for government officials based on an employee's or subordinate's constitutional violations. See Garcia v. Casuas, No. CIV 11-0011 JB/RHS, 2011 WL 7444745, at *25-26 (D.N.M. Dec. 8, 2011)(Browning, J.)(citing Dodds v. Richardson, 614 F.3d 1185, 1199 (10th Cir. 2010)). The language that may have altered the landscape for supervisory liability in Ashcroft v. Iqbal is:

---

[3]In Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)("Bivens"), the Supreme Court held that a violation of the Fourth Amendment of the Constitution of the United States of America "by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct." Bivens, 403 U.S. at 389. Thus, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. See Bivens, 403 U.S. at 389. See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).

"Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." Ashcroft v. Iqbal, 556 U.S. at 676. The Tenth Circuit in Dodds v. Richardson stated:

> Whatever else can be said about *Iqbal*, and certainly much can be said, we conclude the following basis of § 1983 liability survived it and ultimately resolves this case: § 1983 allows a plaintiff to impose liability upon a defendant-supervisor who creates, promulgates, implements, or in some other way possesses responsibility for the continued operation of a policy the enforcement (by the defendant-supervisor or her subordinates) of which "subjects, or causes to be subjected" that plaintiff "to the deprivation of any rights . . . secured by the Constitution . . . ."

Dodds v. Richardson, 614 F.3d at 1199 (quoting 42 U.S.C. § 1983). The Tenth Circuit has noted, however, that "*Iqbal* may very well have abrogated § 1983 supervisory liability as we previously understood it in this circuit in ways we do not need to address to resolve this case." Dodds v. Richardson, 614 F.3d at 1200. It concluded that Ashcroft v. Iqbal does not alter "the Supreme Court's previously enunciated § 1983 causation and personal involvement analysis." Dodds v. Richardson, 614 F.3d at 1200. More specifically, the Tenth Circuit recognizes that there must be "an 'affirmative' link . . . between the unconstitutional acts by their subordinates and their 'adoption of any plan or policy . . . -- express or otherwise -- showing their authorization or approval of such misconduct.'" Dodds v. Richardson, 614 F.3d at 1200-01 (quoting Rizzo v. Goode, 423 U.S. 362, 371 (1976)).

The specific example that the Tenth Circuit used to illustrate this principle is Rizzo v. Goode, where the plaintiff sought to hold a mayor, a police commissioner, and other city officials liable under § 1983 for constitutional violations that unnamed individual police officers committed. See Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at

371). The Tenth Circuit noted that the Supreme Court in that case found a sufficient link between the police misconduct and the city officials' conduct, because there was a deliberate plan by some of the named defendants to "'crush the nascent labor organizations.'" Dodds v. Richardson, 614 F.3d at 1200 (quoting Rizzo v. Goode, 423 U.S. at 371).

## LAW REGARDING SUA SPONTE DISMISSAL UNDER RULE 12(b)(6)

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes the court to dismiss a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. While dismissal under rule 12(b)(6) generally follows a motion to dismiss, a court's sua sponte dismissal of a complaint under rule 12(b)(6) is not an error if it is "'patently obvious' that the plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" Curley v. Perry, 246 F.3d at 1282 (quoting Hall v. Bellmon, 935 F.3d at 1110).

## ANALYSIS

Having carefully reviewed the Complaint and the Application, and the relevant law, the Court will: (i) grant Morrison's Application; and (ii) dismiss this case for failure to state a claim upon which relief can be granted. The Court will grant Morrison's Application to proceed in forma pauperis, because: (i) she signed the Application stating that she is unable to pay the costs of this proceeding and declares under penalty of perjury that the information in her Application is true; (ii) Morrison's monthly expenses of $595.00 exceed her expected income amount next month of $437.00 by $158.00; (iii) Morrison is unable to work; (iv) Morrison has less only $1.50 in cash or in a bank account; and (vi) Morrison has two sons who rely on her for support. See Application at 1-5. See also Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. at 339 (stating that, while a

litigant need not be "absolutely destitute . . .[,] an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself and dependents with the necessities of life"). Although § 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings in forma pauperis]," 28 U.S.C. § 1915(d), the Court will not order service of Summons and Complaint on Defendants UNMH Emergency Room, UNMH Neurosciences, UNM-HSC, and Dr. Carlson, because the Court is dismissing this case for failure to state a claim upon which relief can be granted.

The Court will dismiss this case without prejudice for failure to state a claim upon which relief can be granted. See 28 U.S.C. § 1915(e)(2)(B)(ii)("[T]he court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted."). For her Complaint, Morrison uses a form "Complaint for Violation of Civil Rights (Non-Prisoner Complaint)," which states the case is a Bivens claim, and a form "Complaint for a Civil Case," which indicates she intends the Complaint to be a § 1983 action. Complaint at 1, 7. If Morrison intends the Complaint to be a § 1983 action, the Court must dismiss the action without prejudice for failure to state a claim upon which relief can be granted, because a plaintiff asserting a § 1983 claim "must establish (1) a violation of rights protected by the federal Constitution or created by federal statute or regulation." Schaefer v. Las Cruces Pub. Sch. Dist., 716 F. Supp. 2d at 1063 (quoting Summum v. City of Ogden, 297 F.3d 995, 1000 (10th Cir. 2002)). Morrison does not allege any facts showing that the Defendants deprived her of a federal right. Consequently, Morrison has not stated a claim under § 1983. If Morrison intends the Complaint to be a Bivens action, the Court must dismiss the action without prejudice for failure to state a claim upon which relief can be granted, because, in a Bivens action, a plaintiff may seek damages when a federal officer acting in the color of federal authority violates the plaintiff's constitutional rights. See

Bivens, 403 U.S. at 389.  See also Ashcroft v. Iqbal, 556 U.S. at 675-76 (stating that Bivens actions are the "federal analog" to § 1983 actions).  Morrison does not allege any facts showing that the Defendants violated her constitutional rights.  In addition, although Bivens allows individuals to sue federal agents for violations of constitutional rights, Morrison does not allege that any of the Defendants is a federal agent.  See Beattie v. Boeing Co., 43 F.3d 559, 563 (10th Cir. 1994)("In *Bivens*, the Supreme Court recognized that a violation of the Fourth Amendment 'by a federal agent acting under color of his authority gives rise to a cause of action for damages consequent upon his unconstitutional conduct.'" (quoting Bivens, 403 U.S. at 389)(emphasis added)).  Consequently, Morrison has not stated a Bivens claim.

**IT IS ORDERED** that: (i) the Plaintiff's Application to Proceed in District Court without Prepaying Fees or Costs (Long Form), filed July 23, 2019 (Doc. 3), is granted; (ii) this case is dismissed without prejudice; and (iii) and Final Judgment will be entered.

_____
UNITED STATES DISTRICT JUDGE

*Parties*:

Roberta Morrison
Albuquerque, New Mexico

    *Plaintiff pro se*